USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

HAENA PARK,

Defendant.

No. 16-cr-473 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Haena Park asks the Court for compassionate release. Through counsel, Ms. Park made the same request to the warden of FCI Danbury on March 27, 2020. The Bureau of Prisons ("BOP") has yet to rule on her request. The Government opposes Ms. Park's motion before this Court on the grounds that she has not yet exhausted her claim. Before ruling on Ms. Park's motion, the Court will first give the BOP an opportunity to reach a determination as to her internal request. In light of the confluence of factors in this case explained further below, including the directive from the Attorney General, the Court expects the BOP to make this determination no later than **Friday, April 10, 2020**.

First, Ms. Park has a documented history of respiratory issues, including asthma, and immunocompromising diseases, which, according to the CDC, puts her within the high-risk classification of those most likely to suffer serious, if not fatal, complications from COVID-19.[1] *See* Center for Disease Control, *People with Moderate to Severe Asthma* (Apr. 2, 2020),

---

[1] More specifically, Ms. Park's known ailments include severe asthma; mast cell activation disorder, which "impacts skin, gastrointestinal tract, central nervous, respiratory, cardiovascular, neurologic, endrocrinologic, and musculoskeletal systems" and can cause "chest pains [and] shortness of breath," Dkt. 37 (PSR) at 15; Ehlers-Danlos Syndrome, a connective tissue disorder; and dysautonomia. *See also* Dkt. 57 (Def.'s Mot.) at 3 (stating that she has

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html ("People with moderate to severe asthma may be at higher risk of getting very sick from COVID-19."); Center for Disease Control, *Groups at Higher Risk for Severe Illness* (Apr. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (explaining that "[p]eople of all ages with underlying medical conditions are at higher risk for severe illness," including those with "[c]hronic lung disease or moderate to severe asthma," "[s]erious heart conditions," and "[c]onditions that can cause a person to be immunocompromised").

Second, FCI Danbury, where Ms. Park is incarcerated, is suffering one of the worst outbreaks of COVID-19 within the BOP. When Ms. Park filed her motion, there were nine confirmed cases. *See* Def.'s Mot. at 5. As of today, the BOP's website reports that there are now 22 positive cases among inmates and 7 positive cases among staff at FCI Danbury – the third highest number of confirmed cases across all BOP facilities. *See* BOP, *Open COVID-19 Tested Positive Cases* (Apr. 7, 2020), https://www.bop.gov/coronavirus/. In light of this heightened risk to inmates at FCI Danbury, the Attorney General issued a directive on April 3, 2020, acknowledging the "significant levels of infection at several of our facilities, including . . . FCI Danbury" and directing the BOP "to move with dispatch in using home confinement, where appropriate, to move vulnerable inmates out of these institutions." Office of the Attorney General, *Memorandum for Director of Bureau of Prisons: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

Accordingly, in light of Ms. Park's serious and potentially life-threatening preexisting medical conditions and the Attorney General's directive to FCI Danbury

---

"immune-compromising diseases, asthma, and lung disease"). In addition, in 2015, Ms. Park was diagnosed with a brain aneurysm, for which she had surgery in March 2017.

specifically, the Government shall submit a letter advising the Court of the BOP's determination as to Ms. Park's internal request for compassionate release no later than **12:00 p.m. on Friday, April 10, 2020**. If the BOP does not intend to release Ms. Park pursuant to 18 U.S.C. § 3624(c), the Government shall further notify the Court in that letter whether the BOP instead intends to release Ms. Park temporarily pursuant to 18 U.S.C. § 3622(a). This deadline for the BOP's resolution of this issue aligns with the Attorney General's April 3rd "direct[ion] [that the BOP] immediately review all inmates who have COVID-19 risk factors, as established by the CDC, starting with the inmates incarcerated at FCI Oakdale, *FCI Danbury*, FCI Elkton, and similarly situated facilities." *Id.* (emphasis added). If the Government notifies the Court that the BOP has not made a final determination by April 10, the Court will promptly consider Ms. Park's motion, including her exhaustion arguments, at that time.

In addition, to the extent that Ms. Park has not already been released by April 10, the Government shall also state its view as to whether the Court's authority under 18 U.S.C. § 3582(c) includes the power to craft a new sentence that would, in effect, allow Ms. Park to be released from custody (subject to any appropriate conditions) until the threat posed by COVID-19 has passed and then remanded to serve an additional term of imprisonment, not to exceed the term to which she was previously sentenced.

SO ORDERED.

Dated:    April 7, 2020
           New York, New York

Ronnie Abrams
United States District Judge